UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                        Plaintiff,

                  -against-

COURT OF APPEALS, et al.,

                       Defendants.

20-CV-5356 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

      On November 7, 2019, the Court barred Plaintiff from filing any new civil action *in forma pauperis* (IFP) without first obtaining from the Court leave to file. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). Because Plaintiff continued to file scores of new frivolous actions after the bar order, the Court imposed additional filing restrictions on Plaintiff. *See Frost v. NYPD*, ECF 1:20-CV-0417, 5 (S.D.N.Y. Feb. 14, 2020) (requiring Plaintiff to submit with any new complaint a motion for leave to file; a copy of the February 14, 2020 order; the relevant filing fees or an IFP application; and a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.).

      On July 9, 2020, Plaintiff filed this new complaint. Except for a copy of the Court's February 14, 2020 order, she has submitted the requisite documents. But after reviewing Plaintiff's motion for leave to file, accompanying letter, and proposed complaint, the Court concludes that this action does not represent a departure from Plaintiff's pattern of vexatious and nonmeritorious filings. Plaintiff does not assert any facts suggesting that she has a plausible

claim for relief. Because Plaintiff fails to show good cause why she should be permitted to file this new action, the Court denies her IFP application and her request for leave to file this action.

Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions and monetary penalties.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court denies Plaintiff's IFP application and her request for leave to file this new action. (ECF Nos. 1, 2.) The order barring Plaintiff from filing any new civil action IFP without first seeking permission of the Court remains in effect. Plaintiff is warned that the continued submission of frivolous complaints may result in the imposition of additional sanctions, including further restrictions on her filing any new civil actions and monetary penalties.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 16, 2020
         New York, New York

                                                     COLLEEN McMAHON
                                                Chief United States District Judge